## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| IN RE: COMPLAINT AND | § | |
| PETITION OF KARA BAILEY | § | CIVIL ACTION NO. 4:25-cv-015 |
| AS OWNER OF A CERTAIN | § | |
| 2011 GODFREY HURRICANE | § | |
| 2000 SD FOR EXONERATION | § | |
| FROM OR LIMITATION OF | § | |
| LIABILITY | § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the Court is Derek Cooley and Megan Smith's, Individually and as Next Friends of their minor child, D.C. ("Claimants"), Motion for Summary Judgment.[1] (ECF No. 27). Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** Claimants' Motion for Summary Judgment (*id.*) be **GRANTED**.

### I.    Background

This case stems from a boating accident. On July 5, 2024, Petitioner Kara Bailey ("Petitioner") was operating a Vessel[2] on Taylor Lake, in Harris County, Texas. (ECF No. 1 at ¶ 6). While Petitioner operated the Vessel for recreational purposes, D.C. was on board the Vessel as a guest and participating in tubing. (*Id.* at ¶ 7). Petitioner alleges "D.C. fell off the tube

---

[1] This motion was referred to the Undersigned pursuant to 28 U.S.C. § 636(b)(1). (ECF No. 30).

[2] The Vessel is a 2011 Godfrey Hurricane 2000 SD, Hull Identification Number GDYK3312J011, Texas Registration Number TX1469BU. (ECF No. 1 at ¶ 4).

and Petitioner brought the vessel in a circle on Taylor Lake so that D.C. could get back on the tube." (*Id.* at ¶ 8). Petitioner adds that a surge of water brought D.C. in contact with the Vessel's propeller blades and caused injuries to his legs, requiring emergency medical attention. (*Id.* at ¶ 9).

On August 30, 2024, Claimants filed an Original Petition in the 127th District Court of Harris County, Texas, No. 2024-58623 (the "State Court Petition"). (*Id.* at ¶ 15; ECF No. 27 at 2). On January 2, 2025, Petitioner filed in this Court a Complaint and Petition for Exoneration from or Limitation of Liability. (ECF No. 1).

On August 19, 2025, Claimants filed the instant Motion for Summary Judgment. (ECF No. 27).

## II.    Legal Standard

Motions for summary judgment are governed by Federal Rule of Civil Procedure ("Rule") 56. Rule 56(a) instructs the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

a judgment as a matter of law.'" *Talasek v. Nat'l Oilwell Varco, L.P.*, 16 F.4th 164, 168 (5th Cir. 2021) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). A material fact is one that "might affect the outcome of the suit under the governing law." *Bazan ex rel. v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis omitted); *see Aguirre v. City of San Antonio*, 995 F.3d 395, 406 (5th Cir. 2021). "An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan*, 246 F.3d at 489 (emphasis omitted). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

The movant is tasked with the initial burden of informing the Court of the basis for the motion and pointing to relevant excerpts in evidence that demonstrate the absence of genuine issues of material fact. *See Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Celotex Corp.*, 477 U.S. at 323). The movant may also argue that the nonmovant failed to produce evidence in support of at least one element of a cause of action for which he bears the burden of proof. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

If the movant satisfies the initial burden, it shifts to the nonmovant who must produce evidence of a genuine factual dispute; he may not merely rest on

the allegations in his pleading. *See Coastal Agric. Supply, Inc.*, 759 F.3d at 505 (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). The Court should not accept "[u]nsubstantiated assertions, improbable inferences, [or] unsupported speculation" as sufficient to carry the nonmovant's burden. *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). However, where there is evidence of a genuine factual dispute, such disputes are resolved in favor of the nonmoving party "when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999); *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017). Further, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Baker v. Coburn*, 68 F.4th 240, 244 (5th Cir. 2023), *as revised* (May 19, 2023).

## III.  Discussion

Claimants move for summary judgment, arguing that (1) the Limitation of Liability Act provides no protection when a vessel's owner operates the vessel and (2) the possibility that a person other than Petitioner may also have been at fault does not negate Petitioner's privity. (ECF No. 27 at 4–10).

4

Under the Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.* (the "Limitation Act"), "a shipowner can limit its liability for damages caused by an incident to the value of the vessel at the end of its voyage, plus any pending freight *as long as the shipowner had no privity or knowledge* of any unseaworthy condition or negligent act that was a proximate cause of the incident." *In re Graham Offshore Tugs LLC*, 752 F. Supp. 3d 619, 622 (E.D. Tex. 2024) (citing *SCF Waxler Marine, L.L.C. v. Aris T M/V*, 24 F.4th 458, 472 (5th Cir. 2022) (emphasis added)); *see* 46 U.S.C. § 30505(a)–(b). Under the Act, federal courts have exclusive jurisdiction to determine whether a shipowner is entitled to limited liability. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 443–45 (2001); *In re N&W Marine Towing, L.L.C.*, 31 F.4th 968, 971 (5th Cir. 2022).

While the Limitation Act generally limits a vessel owner's liability to the value of the vessel (post casualty and plus any pending freight), the limit is removed if the negligence or unseaworthiness that caused the damage was within the "privity or knowledge" of the owner. *See In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on Apr. 20, 2010*, 21 F. Supp. 3d 657, 753 (E.D. La. 2014) (quoting 46 U.S.C. § 30505). "Privity or knowledge implies some sort of complicity in the fault that caused the accident." *Brister v. A.W.I., Inc.*, 946 F.2d 350, 355 (5th Cir. 1991) (internal quotations omitted). In the

5

typical case, claimants bear the initial burden of proving that their injuries arose as a result of the owner's negligence or the vessel's unseaworthiness. Once this burden is met, the burden shifts to the owner to prove a lack of "privity or knowledge" of a negligent act or unseaworthy condition. *Id.*; *see In re Signal Int'l, LLC*, 579 F.3d 478, 496 (5th Cir. 2009).

Claimants argue that because Petitioner was operating the Vessel at the time of the incident, the essential element of privity has been established, and Petitioner is not entitled to limitation for accidents arising from her negligence. (*See* ECF No. 27 at 4–5). For support, Claimants point to Petitioner's Complaint that states she was operating the Vessel during the incident (*id.* (citing ECF No. 1 at ¶ 6)) and Petitioner's deposition testimony where Petitioner acknowledged that she was operating the Vessel when the propeller struck D.C. (*id.* (citing ECF No. 27-1 at 4–8)).

In response, Petitioner does not dispute that she was operating the Vessel at the time of the incident. (*See* ECF No. 28 at 3). However, Plaintiff contends the Court should consider the two-prong test laid out in *Farrell Lines* and not grant summary judgment until Claimants have met their burden to show Petitioner was negligent. (*Id.* at 3–4).

The Fifth Circuit in *Farrell Lines* laid out the two-step process for limitation actions:

> The determination of whether a shipowner is entitled to limitation employs a two-step process. First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness. Knowledge or privity of any fact or act causing the accident is not enough for denial of limitation; it is only knowledge or privity of negligent acts or unseaworthy conditions which trigger a denial of limitation. And, although the petitioner in limitation bears the burden of proving lack of privity or knowledge, the initial burden of proving negligence or unseaworthiness rests with the libellants.

*Farrell Lines Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir. 1976) (internal citations omitted). However, the Fifth Circuit has also explained that "when an owner is in control of and operating his pleasure craft he has privity or knowledge with respect to its operation." *Fecht v. Makowski*, 406 F.2d 721, 722 (5th Cir. 1969). In such cases, the owner "is not entitled to limitation for accidents arising from his negligence." *Id.*

Claimants point the Court to *In re Petition of Archer*, 20 F. Supp. 3d 1166 (D. Colo. 2014) as dealing with similar facts and arguments. (*See* ECF No. 27 at 7). In *Archer*, a claimant was injured while waterskiing behind a vessel. *Archer*, 20 F. Supp. 3d at 1168. That claimant filed suit against the owner of the vessel in Colorado state court. *Id.* The owner then filed a complaint in federal court seeking limitation of liability. *Id.* The claimant in *Archer* ultimately moved for summary judgment in federal court, arguing that because the owner "acknowledged that he was operating the vessel at the time of the

7

accident, the essential element of privity has been established, negating his right to seek limitation." *Id.* The owner advanced the same argument as Petitioner in the instant case:

> Petitioner argues that [the claimant] is not entitled to summary judgment on the issue of privity or knowledge because she has not yet met her burden of proof on the issue of negligence. In other words, petitioner contends that the two-step process must be undertaken *seriatim*, and thus the court may not address the question of privity or knowledge until that of negligence *vel non* has been resolved.

*Id.* at 1169.[3] The court in *Archer* disagreed, stating that "[t]he law . . . is to the contrary." *Id.* In relying on the Fifth Circuit's decision in *Fecht*, the Colorado District Court reasoned that "where petitioner clearly is not entitled to limitation of liability under the Act in any event, there is no right to a determination of negligence in this court." *Id.* at 1170 (citing *Fecht*, 406 F.2d at 723) ("Where no grant of limitation is possible, the basis for granting exoneration vanishes. In such a case, a boat owner should not be treated more favorably than an automobile driver."). The Colorado District Court also noted that numerous courts have followed the "logical premise" of the *Fecht* decision. *Id.* (collecting cases).

---

[3] "Seriatim" is defined as "taking one subject after another in regular order; point by point."

8

While not binding on this Court, the Court finds the reasoning of the *Archer* decision persuasive. Further, the Court follows the reasoning in *Fecht*, which is binding on this Court. Petitioner has admitted to operating the Vessel at the time of the incident. (ECF No. 1 at ¶ 6; ECF No. 27-1 at 4–8). When "an owner is in control of and operating" their vessel, they have "privity or knowledge with respect to its operation." *Fecht*, 406 F.2d at 722. Because Petitioner was operating the Vessel, "[i]f there was negligence in the operation of the [vessel], only [she] could have been guilty of it." *Id.* As such, Petitioner is not entitled to limit her liability. *Id.*; *see Archer*, 20 F. Supp. 3d at 1170 (explaining that "to hold otherwise would run counter to the limited grant of federal court jurisdiction as to admiralty claims, which 'save[s] to suitors in all cases all other remedies to which they are otherwise entitled.'" (quoting 28 U.S.C. § 1333(1)); *see also Broadwater v. Duplantier*, No. 12-cv-1511, 2013 WL 6000580, at *2 (E.D. La. Nov. 12, 2013) ("In this case, [the co-owner of the vessel] was operating the vessel at the time of the collision. As a matter of law, he cannot establish a lack of privity and knowledge for any acts of negligence on his part that the plaintiffs can prove.").

For these reasons, the Court finds Claimants are entitled to summary judgment and Petitioner's action seeking limitation or exoneration of liability under the Limitations Act should be dismissed.

## IV.    Conclusion

Based on the foregoing, the Court **RECOMMENDS** Claimants' Motion for Summary Judgment (ECF No. 27) be **GRANTED**.  The Court further **RECOMMENDS** Petitioner's Petition for Exoneration from or Limitation of Liability (ECF No. 1) should be **DENIED** and this action should be **DISMISSED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on January 22, 2026.


Richard W. Bennett
United States Magistrate Judge

10